IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 6:20-cr-00017-AA |
| Plaintiff, | **OPINION AND ORDER** |
| vs. | |
| TIMOTHY JOHN BROUILLETTE, | |
| Defendant. | |

AIKEN, District Judge:

Before the Court is Defendant Timothy John Brouillette's Motion for Compassionate Release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). ECF No. 22. For the reasons set forth below, the motion is DENIED.

## BACKGROUND

In March 2011, Defendant was sentenced to 100 months in prison for bank robbery to be followed by three years of supervised release in *United States v. Brouillette*, Case No. 6:09-cr-60162-AA. After his release from prison, and while still

on supervised release, Defendant committed new offenses and, in January 2020, Defendant was charged by information in the above-captioned case with Possession with Intent to Distribute Heroin and Methamphetamine in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C).  ECF No. 1.

Defendant waived indictment and entered a guilty plea on January 23, 2020. ECF Nos. 4, 5.  On May 6, 2020, Defendant was sentenced to 34 months with three years of supervised release.  ECF Nos. 19, 20.  On the same day, Defendant was sentenced to 14 months for the probation violation in Case No. 6:09-cr-60162-AA to be served concurrent to the sentence imposed for the new offense.  Defendant is currently incarcerated at FCI Sheridan with a projected release date of January 28, 2023.

## STANDARDS

Generally, a district court "may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c); *see Dillon v. United States*, 560 U.S. 817, 824–25 (2010).  Compassionate release under § 3582(c)(1)(A) provides an exception in rare cases.  Until 2018, § 3582 allowed compassionate release only upon a motion by the Bureau of Prisons ("BOP").  With the passage of the First Step Act of 2018, Pub. L. No. 115-391, § 603, 132 Stat. 5194, 5239 (Dec. 21, 2018), Congress authorized courts to modify a defendant's sentence on a motion filed by a defendant "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the

receipt of such a request by the warden of the defendant's facility, whichever is earlier[.]" 18 U.S.C. § 3582(c)(1)(A).

Under § 3582(c)(1)(A), a court may reduce a defendant's sentence if it finds that two conditions are met: (1) that "[e]xtraordinary and compelling reasons warrant such a reduction" and (2) "that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." If the court finds that those conditions are met, before granting a sentence reduction, it must "consider[] the factors set forth in [18 U.S.C.] § 3553(a) to the extent applicable[.]" 18 U.S.C. § 3582(c)(1)(A); *see also United States v. Jones*, 980 F.3d 1098, 1107–08 (6th Cir. 2020) (reasoning that "[18 U.S.C. §§ 3582(c)(1) and (c)(2)'s parallel language and structure[] compel us to conclude that compassionate release hearings are sentence-modification proceedings and that courts considering motions filed under § 3582(c)(1) must follow a *Dillon*-style test" and describing the three-part test for compassionate release motions (citing *Dillon*, 560 U.S. at 827, 829–30)).

The Sentencing Commission's policy statement regarding sentence reductions under § 3582(c)(1)(A) is found at U.S.S.G. § 1B1.13. The policy statement identifies categories of extraordinary and compelling reasons, including the defendant's age, medical conditions, and family circumstances. U.S.S.G. § 1B1.13 cmt. n.1(A)-(C). It also requires courts to find that "the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)." *Id.* § 1B1.13(2). But this policy statement, which has not been updated since the First Step Act amended § 3582(c)(1)(A), only applies to motions filed by the BOP Director on behalf

of a defendant. *United States v. Aruda*, 993 F.3d 797, 802 (9th Cir. 2021). On a defendant's direct motion for compassionate release, the policy statement "may inform a district court's discretion, . . . but [it is] not binding." *Id.* As a result, the court may consider any extraordinary and compelling reason for release that a defendant might raise. *Id.*

## DISCUSSION

Defendant moves for compassionate release and a reduction of his sentence to time served or to home confinement. The parties agree that Defendant has exhausted his administrative remedies and the matter is now properly before this Court. In his motion, Defendant contends that his age and chronic health conditions, including hypertension, increase his risk of suffering severe illness should he contract COVID-19. However, the fact that Defendant has those conditions does not compel a finding of extraordinary and compelling reasons. *See United States v. Dixon*, 848 F. App'x 332, 332-33 (9th Cir. 2021) ("The district court considered Dixon's medical conditions and rates of COVID-19 infection at the prison, and did not abuse its discretion in concluding that they did not constitute 'extraordinary and compelling reasons' under § 3582(c)(1)(A).") In addition, the Court notes that Defendant has been vaccinated against COVID-19. Gov. Ex. 1, at 33. ECF No. 28. A growing consensus of district courts have held that receiving or refusing COVID-19 vaccination "weighs against a finding of extraordinary and compelling circumstances" for purposes of § 3582(c)(1)(A)." *United States v. Baeza-Vargas*, 532 F. Supp.3d 840, 843-45 (D. Ariz. April 5, 2021) (collecting cases). Although Defendant's health conditions may

increase the risk of severe illness should he contract COVID-19, that risk is substantially mitigated by the efficacy of the vaccine.

And though the Court agrees that the pandemic, and associated conditions at FCI Sheridan have made Defendant's conditions of confinement harsher than they otherwise might have been, the conditions experienced by Defendant have not been so severe or unusual that they constitute extraordinary and compelling reasons for release. The Court need not reach consideration of the applicable sentencing factors under § 3553(a), without a finding of extraordinary and compelling reasons.

## CONCLUSION

Defendant's Motion to Reduce Sentence Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) (Compassionate Release), ECF No. 22, is DENIED without prejudice.

It is so ORDERED and DATED this  23rd  day of February 2022.

/s/Ann Aiken
Ann Aiken
United States District Judge

Page 5 – OPINION AND ORDER